# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

CR25-00259 WHO

FILED

Aug 27 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

▮▮▮▮▮▮▮▮,

WEIDONG LIU,

▮▮▮▮▮▮▮▮

CHEN SHEN,

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮, and

WEIQIN XU

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 2320(a) – Conspiracy to Traffic in Counterfeit Goods
18 U.S.C. § 2320(a)(1) – Trafficking in Counterfeit Goods
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 26th day of

August, 2025.

Brenda Lopez, Deputy Clerk

Bail, $ No Bail Warrants

Hon. Sallie Kim, U.S. Magistrate Judge

1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney

FILED

Aug 27 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br> ███████, WEIDONG LIU,<br>████████ ██████ CHEN SHEN,<br>█████████████, and<br>WEIQIN XU<br><br>  Defendants. | CASE NO. CR25-00259 WHO<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;<br>18 U.S.C. § 1341 – Mail Fraud;<br>18 U.S.C. § 2320(a) – Conspiracy to Traffic in Counterfeit Goods<br>18 U.S.C. § 2320(a)(1) – Trafficking in Counterfeit Goods<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1.   ████████████████████████████████████████████████
████████

2.   Defendant WEIDONG LIU is an individual who resided in the Northern District of California.

3.   ████████████████████████████████████████████████
████████

INDICTMENT                                1

4.  Defendant CHEN SHEN is an individual who resided in the Northern District of California.

5.  ████████████████████████████████████████████████████

6.  ████████████████████████████████████████████████████

7.  Defendant WEIQIN XU is an individual who resided in the Northern District of California.

8.  Company A is a registered California corporation headquartered in the Northern District of California that, among other things, designs and makes consumer electronics products, including mobile telephones, computer tablets, smart watches, and earphones.

9.  Company B is a Minnesota corporation registered to do business in California that sells, among other things, the consumer electronics products designed and made by Company A from dozens of Company B's stores throughout the Northern District of California.

10. Company C is a Delaware corporation registered to do business in California that, among other things, provides international shipping through a major shipping port in Oakland, California, which is in the Northern District of California, and provides international shipping and receiving from dozens of Company C's stores throughout the Northern District of California. Company C is a commercial interstate carrier, as that term is used in 18 U.S.C. § 1341.

11. Company A is the owner of trademarks registered on the principal register of the United States Patent and Trademark Office ("USPTO"), which were registered for use as described below:

| Trademark | Type | Reg. No. | Partial List of Designated Goods |
|---|---|---|---|
| '652 Trademark | Design | 6,852,652 | Computer hardware, tablet computers, mobile telephones, smart watches, earphones, headphones |
| '818 Trademark | Word | 3,928,818 | Computer hardware, portable and handheld digital electronic devices, mobile phones, earphones, headphones |
| '443 Trademark | Word | 4,400,443 | Handheld mobile digital electronic devices comprising a tablet computer |
| '740 Trademark | Word | 5,268,740 | Earphones, headphones |
| '859 Trademark | Word | 6,105,859 | Earphones, headphones |

12. Each of the trademarks listed in the table above were in use at all times relevant to this

INDICTMENT                                     2

1  Indictment, including by being marked on Company A's consumer electronics products, and being
2  marked on boxes in which Company A's consumer electronics products were sold throughout the United
3  States, including at Company B's stores throughout the Northern District of California.

       13.     A counterfeit mark is a spurious mark—(i) that was used in connection with trafficking in products; (ii) that was identical with, or substantially indistinguishable from, a trademark registered on the principal register in the USPTO and in use, whether or not the defendant knew such trademark was so registered; (iii) that was applied to and used in connection with the products for which the trademark was registered; and (iv) the use of which was likely to cause confusion, to cause mistake, and to deceive.

       14.     A genuine or authentic trademark becomes a counterfeit mark when it is applied to counterfeit products (i.e., non-genuine, imitation or fake products that were not designed or made by the trademark owner or otherwise authorized by the trademark owner) that are the same type of products for which the trademark was registered, or applied to packaging used in connection with trafficking in counterfeit products that are the same type of goods for which the trademark was registered.

<div align="center">The Scheme to Defraud</div>

       15.     Beginning no later than May 3, 2024 and continuing until at least August 21, 2025, in the Northern District of California and elsewhere, the defendants knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Company B by trafficking in counterfeit products, to wit: purchasing from Company B genuine consumer electronic products designed and made by Company A that bore the trademarks as listed in the table at paragraph 11 above, and then return to Company B counterfeit products with those same trademarks to receive the full value of the genuine products from Company B, and shipping both genuine and counterfeit products internationally using Company C in furtherance of that scheme.

<div align="center">The Manner and Means of The Scheme to Defraud</div>

       16.     The defendants engaged in the scheme to defraud, in substance, in the following manner:

         a.     Purchasing from Company B, at Company B's stores in the Northern District of California and elsewhere, genuine consumer electronics products designed and made by Company A, including mobile telephones, computer tablets, smart watches, and earphones, each of which:

INDICTMENT                                             3

        i.     bore one or more of Company A's trademarks, as listed in the table at paragraph 11 above;

        ii.    came in genuine packaging that bore one or more of Company A's trademarks, as listed in the table at paragraph 11 above, and

        iii.   said product and packaging bore a unique serial number for that genuine product designed and made by Company A;

    b.    Receiving shipments sent via Company C from persons and entities, located in the People's Republic of China, that went through the port in Oakland and were then received at Company C's stores, in Northern District of California and elsewhere, where those received shipments were sent with false information about what was in the shipments to avoid inspection by U.S. Customs and Border Protection ("CBP"), with those shipments containing counterfeit products that comprised imitation or fake mobile telephones, computer tablets, smart watches, and earphones, each of which:

        i.     resembled a genuine consumer electronics product designed and made by Company A, as shown below, by being:

            a)    either a fake product that had no functionality but had the same form factor, including the same look, feel and weight (see Figure 1 below);

            b)    or an imitation product with the same or similar functionality and the same form factor, including the same look, feel and weight, but of inferior quality, including the same look, feel and weight (see Figure 2, below);


FIGURE 1: FAKE COMPUTER TABLETS INTERCEPTED BY CBP AT COMPANY C'S FACILITY IN OAKLAND CALIFORNIA


FIGURE 2: IMITATION EARPHONES INTERCEPTED BY CBP AT COMPANY C'S FACILITY IN OAKLAND, CALIFORNIA

INDICTMENT                               4

             ii.     typically bore a facsimile of one or more of Company A's trademarks, as listed in the table at paragraph 11 above, and

             iii.    either bore a unique serial number that matched the serial number for the genuine product designed and made by Company A and purchased by the defendants at Company B's store, or had no serial number so that one could be applied or engraved after receipt by the defendants or their co-conspirators;

and with some of those shipments also containing imitation sealing stickers that look and feel the same as the genuine sealing stickers that are used on the genuine packaging so as to enclose the genuine consumer electronics products designed and made by Company A and demarcate that those products were being sold as brand new (i.e., in a previously unopened package) when sold throughout the United States, including at Company B's stores (see Figure 3).



FIGURE 3: IMITATION PACKAGE SEALING STICKERS INTERCEPTED WITH COUNTERFEIT PRODUCTS BY CBP AT COMPANY C'S FACILITY IN OAKLAND, CALIFORNIA

        c.      Returning to Company B's stores, in the Northern District of California and elsewhere, the counterfeit products that comprised imitation or fake mobile telephones, computer tablets, smart watches, and earphones that resembled genuine consumer electronics products designed and made by Company A, bore Company A's trademarks, as listed in the table at

INDICTMENT                                              5

paragraph 11 above, and receiving back from Company B, the full purchase value for Company A's genuine products by deceiving Company B's store employees into accepting those counterfeit product returns as genuine products by, among other things:

    i.    Returning the counterfeit product that bore one or more of Company A's trademarks, had the unique serial number of the purchased genuine product engraved on it, and/or had the same look, feel, and weight as the genuine product so as to appear to be the genuine product if inspected by Company B's store employee who was accepting the return;

    ii.    Returning the counterfeit product in the genuine packaging that bore Company A's trademarks, as listed in the table at paragraph 11 above, and bore the unique serial number for the genuine product purchased from Company B so as to appear to be the genuine product being returned;

    iii.    Before returning the counterfeit product, sealing that genuine packaging using imitation sealing stickers and techniques so as to make the packaging appear unopened and deceive Company B's store employees into believing that the packaging contents were the actual, genuine products of Company A that Company B sold in that same package.

    d.    Shipping from Company C's stores to persons in the People's Republic of China the genuine consumer electronic products designed and made by Company A and that the defendants purchased from Company B's stores in the Northern District of California and elsewhere.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

    17.    Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated as if fully set forth here.

    18.    Beginning no later than May 3, 2024, and continuing until at least August 21, 2025, in the Northern District of California and elsewhere, the defendants,

<div style="text-align:center">

WEIDONG LIU, 

CHEN SHEN,

</div>

INDICTMENT    6

and
WEIQIN XU,

and others known and unknown to the grand jury, did knowingly conspire to devise and intend to devise the above-described scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, and, for the purpose of executing such scheme or artifice and attempting to do so, did deposit or cause to be deposited a matter to be sent or delivered by a private and commercial interstate carrier, and did take or receive therefrom, such a matter in violation of Title 18, United States Code, Section 1341.

19. All in violation of Title 18, United States Code, Section 1349.

COUNT TWO THROUGH SIX:  (18 U.S.C. § 1341 – Mail Fraud)

20. Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated as if fully set forth here.

21. Beginning no later than May 3, 2024, and continuing through no earlier than August 21, 2025, in the Northern District of California and elsewhere, the defendants,



WEIDONG LIU,
CHEN SHEN,
and
WEIQIN XU,

and others known and unknown to the grand jury, knowingly and with the intent to defraud participated in, devised, and intended to devise the above-described scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

22. Beginning no later than May 3, 2024 and continuing through no earlier than August 21, 2025, in the Northern District of California, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, one and more of the defendants knowingly caused to be delivered by a private and commercial interstate carrier, according to the direction thereon, at the place at which it was directed to be delivered by the person to whom it was addressed, counterfeit

products that bore one or more of Company A's trademarks, genuine products designed and made by Company A obtained by fraud, and sealing stickers for use with genuine packaging of genuine products designed and made by Company A, specifically:

| Count | Date | Shipped From | Shipped To | Description |
|---|---|---|---|---|
| Two | May 15, 2024 | China | California | 46 counterfeit earphones; 3 counterfeit watches |
| Three | June 5, 2024 | China | California | 26 counterfeit earphones |
| Four | July 24, 2024 | China | California | 19 counterfeit computer tablets |
| Five | August 21, 2024 | China | California | 17 counterfeit computer tablets |
| Six | September 12, 2024 | China | California | 87 counterfeit computer tablets |

23. All in violation of Title 18, United States Code, Section 1341

COUNT SEVEN: (18 U.S.C. § 2320(a) – Conspiracy to Traffic in Counterfeit Goods)

24. Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated as if fully set forth here.

25. Beginning no later than May 3, 2024, and continuing through no earlier than August 21, 2025, in the Northern District of California and elsewhere, the defendants,



WEIDONG LIU,

CHEN SHEN,

and

WEIQIN XU,

did knowingly and intentionally conspire and agree with one another and persons known and unknown to the grand jury to traffic counterfeit goods, to wit: by counterfeiting and returning counterfeit products in place of genuine consumer electronics products, after repackaging the counterfeit products in the genuine packaging of the genuine products, in exchange for the full value of those genuine products, with such counterfeit products and the genuine packaging with counterfeit trademarks, namely the '652 Trademark, the '818 Trademark, the '443 Trademark, the '740 Trademark, and the '859 Trademark, on and used in connection with such products, each counterfeit mark being identical with and substantially indistinguishable from a mark registered for those goods on the principal register in the USPTO, and the use thereof was likely to deceive and to cause confusion and mistake.

26. All in violation of Title 18, United States Code, Section 2320(a).

INDICTMENT    8

COUNT EIGHT THROUGH THIRTEEN: (18 U.S.C. § 2320(a)(1) – Trafficking in Counterfeit Goods)

27. Paragraphs 1 through 26 of this Indictment are re-alleged and incorporated as if fully set forth here.

28. On or about the dates set forth in the table below, in the Northern District of California and elsewhere, the defendants named in the table below, did intentionally traffic and attempt to traffic in goods described in the table below, knowingly using a counterfeit mark named in the table below on and in connection with such goods.

| Count | Date | Defendant | Good | Trademark |
|---|---|---|---|---|
| Eight | May 15, 2024 | ▉▉▉▉▉ | Earphones | '652 Trademark, '818 Trademark, '740 Trademark; '859 Trademark |
| Nine | June 5, 2024 | ▉▉▉▉▉ | Earphones | '652 Trademark, '818 Trademark, '740 Trademark; '859 Trademark; |
| Ten | May 4, 2024 | ▉▉▉▉▉ | Earphones | '652 Trademark, '818 Trademark, '740 Trademark; '859 Trademark |
| Eleven | June 6, 2024 | ▉▉▉▉▉ | Tablet | '652 Trademark, '818 Trademark, '443 Trademark |
| Twelve | May 2, 2024 | WEIQIN XU | Earphones | '652 Trademark, '818 Trademark, '740 Trademark; '859 Trademark |
| Thirteen | May 7, 2024 | WEIQIN XU | Earphones | '652 Trademark, '818 Trademark, '740 Trademark; '859 Trademark |

29. All in violation of Title 18, United States Code, Section 2320(a)(1).

FORFEITURE ALLEGATION: (18 U.S.C. § 981, 28 U.S.C. § 2461, and 18 U.S.C. § 2323)

30. Paragraphs 1 through 29 of this Indictment are re-alleged and incorporated as if fully set forth here.

31. Upon conviction of the offense alleged in Counts One through Six of this Indictment, the defendants,



WEIDONG LIU,
CHEN SHEN,
▉▉▉▉▉ and
WEIQIN XU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

INDICTMENT                               9

from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment.

32. Upon conviction of the offense alleged in Counts Seven through Thirteen of this Indictment, the defendants,



WEIDONG LIU,

CHEN SHEN,

and

WEIQIN XU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2323(a) and (b), any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense under Title 18, United States Code, Section 2320; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of such violation, including but not limited to a forfeiture money judgment.

33. If any of the property described above, as a result of any act or omission of any of the defendants:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

34. All pursuant to Title 18, United States Code, Sections 981 and 2323, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461, and Federal Rule of Criminal

//

//

1  Procedure 32.2.

3  DATED: August 26, 2025

                A TRUE BILL.

                     /s/
                FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney

  /s/
DANIEL N. KASSABIAN
Assistant United States Attorney

INDICTMENT           11

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT    ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

- Ct.1: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud
- Ct.2-6: 18 U.S.C. § 1341 – Mail Fraud
- Ct.7: 18 U.S.C. § 2320(a) – Conspiracy to traffic in counterfeit goods

☐ Petty    ☐ Minor    ☐ Misdemeanor    ☒ Felony

**MAXIMUM PENALTY:** Ct.1-6 - imprisonment: 20 years; fine: $250,000 or twice the gross gain or loss, whichever is greater; supervised release: 3 years; special assessment: $100 per count; forfeiture
Ct.7 - imprisonment: 10 years; fine: $2,000,000; supervised release: 3 years; special assessment: $100 per count; forfeiture

**DEFENDANT - U.S**

▶ WEIDONG LIU

**DISTRICT COURT NUMBER**

CR25-00259 WHO

**FILED**
Aug 27 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY    ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: **CRAIG H. MISSAKIAN**
☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **DANIEL N. KASSABIAN**

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal    ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS    ☐ NO PROCESS*    ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

- Ct.1: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud
- Ct.2-6: 18 U.S.C. § 1341 – Mail Fraud
- Ct.7: 18 U.S.C. § 2320(a) – Conspiracy to traffic in counterfeit goods

☐ Petty ☐ Minor ☐ Misdemeanor ☒ Felony

**MAXIMUM PENALTY:** Ct.1-6 - imprisonment: 20 years; fine: $250,000 or twice the gross gain or loss, whichever is greater; supervised release: 3 years; special assessment: $100 per count; forfeiture. Ct.7 - imprisonment: 10 years; fine: $2,000,000; supervised release: 3 years; special assessment: $100 per count; forfeiture.

### DEFENDANT - U.S

CHEN SHEN

**DISTRICT COURT NUMBER**
CR25-00259 WHO

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges

☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No — If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

**FILED**
Aug 27 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: CRAIG H. MISSAKIAN

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): DANIEL N. KASSABIAN

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

| | |
|---|---|
| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**OFFENSE CHARGED**

- Ct.1: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud
- Ct.2-6: 18 U.S.C. § 1341 – Mail Fraud
- Ct.7: 18 U.S.C. § 2320(a) – Conspiracy to traffic in counterfeit goods or services
- Ct.12-13: 18 U.S.C. § 2320(a)(1) – Trafficking in counterfeit goods or services

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

MAXIMUM PENALTY:
Ct.1-6 - imprisonment: 20 years; fine: $250,000 or twice the gross gain or loss, whichever is greater; supervised release: 3 years; special assessment: $100 per count; forfeiture
Ct.7,12-13 - imprisonment: 10 years; fine: $2,000,000; supervised release: 3 years; special assessment: $100 per count; forfeiture

**DEFENDANT - U.S**
▶ WEIQIN XU

DISTRICT COURT NUMBER
CR25-00259 WHO

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form
CRAIG H. MISSAKIAN
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)
DANIEL N. KASSABIAN

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐
3) ☐

IS IN CUSTODY
4) ☐
5) ☐
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed  Month/Day/Year

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED
Aug 27 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:    Before Judge:

Comments: